## THE STATE v. MULHISEN.

CRIMINAL LAW.—*Definition of Crime or Misdemeanor.—Liquor Law of 1875.*—Neither the adjective " unlawful " nor the adverb " unlawfully " is indispensable in the definition of a crime or misdemeanor, in this State. When the commission of certain acts is declared to be a misdemeanor, it is thereby declared to be unlawful, for no misdemeanor can be lawful. In this view section 13 of the liquor law of 1875, 1 R. S. 1876, p. 872, is complete in itself and valid.

From the Montgomery Circuit Court.

*T. W. Woollen,* Attorney General, *G. W. Collings,* Prosecuting Attorney, *D. A. Roach* and *A. B. Cunningham,* for the State.

*J. Wright* and *J. M. Seller,* for appellee.

BIDDLE, J.—The appellee was indicted for selling intoxicating liquor to a minor. The indictment is founded upon the following section of the act of March 17th, 1875, 1 R. S. 1876, p. 872 :

" SEC. 13. If any person shall sell, barter or give away, directly or indirectly, any spiritous, vinous or malt liquors, to any person under the age of twenty-one years, he shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined in any sum not less than ten nor more than fifty dollars."

The charge in the indictment is in the following words :

" That one Albert Mulhisen, late of said county, on the 3d day of December, 1879, at said county and State aforesaid, did then and there unlawfully sell to one William Julian, who was then and there a person under the age of twenty-one years, certain intoxicating liquor, in a less quantity than a quart, at and for the sum and price of twenty cents ; contrary," etc.

No formal objection is made to the indictment, but it is insisted that the section upon which it is founded " does not create any offence." The " pith and moment " of the appellee's argument, in the words of his counsel, are as follows :

" Every penal statute in this State must create an offence, and every offence must be declared to be unlawful. The statute must declare what acts are unlawful, and then provide the penalty. This section only provides the penalty, without making it unlawful to commit the act."

Neither the adjective " unlawful," nor the adverb " unlawfully," is indispensable in the definition of a crime or

misdemeanor. Neither word is used in the definition of murder, burglary, arson, larceny, forgery, perjury and several other felonies. Many of the misdemeanors are defined without using either the word " unlawful " or " unlawfully ;" as fighting a duel, riot, affray, erecting a nuisance, malicious trespass and others. We have examined every statute, we believe, making selling spirituous or intoxicating liquors to a minor a misdemeanor, from the act of January 20th, 1824, R. S. 1824, p. 139, to the act of March 17th, 1875, 2 R. S. 1876, p. 869, now in force—covering a period of more than half a century—and in no instance is the word " unlawful" or " unlawfully " used in defining the offence. The precedents are all against the appellee. Besides, when the commission of certain acts are declared to be a misdemeanor, it is declared to be unlawful, for no misdemeanor can be lawful. The section we are considering defines the acts, declares that the person who commits them shall be deemed guilty of a misdemeanor, and fixes the punishment therefor ; in short, it defines the offence, declares that it is a misdemeanor, and fixes the punishment for its commission. We think the section is complete in itself.

But the appellant still urges that the analogy drawn from the definitions of felonies, without using the word " unlawful" or " unlawfully," does not hold against the section under consideration, because felonies are common law crimes and were felonies without any statutory definition. That may be true, but it is not true in this State, where we have no common law offences, either felonies or misdemeanors. No person can be punished criminally in the State of Indiana, unless the State can confront him with a statute defining the crime with which he is charged, and declaring its punishment ; and the statute must have been enacted before the commission of the deed.

The court erred in its ruling.

The judgment is reversed ; cause remanded, with in-

structions to overrule the motion to quash the indictment, and for further proceedings.